**NOT FOR PUBLICATION OR CITATION**

Eastern District of Kentucky
**FILED**

**JUN 3 0 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-236-JMH

CHRISTOPHER J. BOLT                                     PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, JR., WARDEN                           RESPONDENT

Currently before the Court for consideration is a "Memorandum in Support of Rehearing" [Record No. 6] and a "Motion for Rehearing" [Record No. 7. The Court construes both submissions as motions under Fed.R.Civ.P. 59(e), to Alter or Amend the dismissal of his petition for habeas corpus which he filed under 28 U.S.C. §2241.

### PROCEDURAL HISTORY
#### 1. The Petition

On June 6, 2005, the petitioner, Christopher J. Bolt, who is incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The plaintiff alleged that Joe Booker, Jr., Warden of FMC-Lexington, violated his due process rights under the Fifth Amendment of the United States Constitution by failing to release him into a Community Corrections Center ("CCC") in accordance with *Colton v. Ashcroft*, 299 F. Supp. 2d 681 (E.D. Ky. 2004) (Hon Jennifer B. Coffman, presiding). The petitioner alleged that he is entitled to a full six (6) month placement in a CCC.

#### 2. The Opinion and Order
#### and Judgment

Pursuant to 28 U.S.C. §2243, the Court conducted an initial screening of the petition. On

June 20, 2005, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") in which it determined that the petitioner had failed to state a claim for relief under §2241 [Record No. 3]. The Court entered a Judgment dismissing the petition [Record No. 4].

Summarized, the Court concluded that because the petitioner did not have a liberty interest in a halfway house placement, he had failed to establish a violation of his right to due process under the Fifth Amendment. The Court further noted that the Bureau of Prisons ("BOP") was not required, and was under no statutory or regulatory mandate, to place federal prisoners in a CCC for a term of six months preceding their actual release date. The Court discussed the case law at length in the Opinion and Order and will not reiterate it in this Order.

### 3. Current Motions

Both of the petitioner's filings are one-page submissions. The petitioner offers no legal arguments in his one-page Rule 59(e) motions. He states that he was in a hospital for twenty-seven months during what he describes as "pre-trial" (presumably, custody); that he entered a guilty plea when he was physically well enough; that on June 1, 2006, he will be eligible for CCC placement; and that with good time credits, he should be released from BOP custody on January 7, 2007. He states that the undersigned "gravely wronged" him [Record No. 6]. He claims he is entitled to a "show cause" order.

### DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205,

2

1208 (D.C. Cir. 1996)).  A Rule 59 motion is not an opportunity to reargue a case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).  Similar to Rule 60(b), Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law.  *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).  The petitioner's construed Rule 59(e) motion must be denied.

The petitioner raised no arguments in his motion which would convince the Court that the Opinion and Order should be altered or amended in any manner, or that the BOP should be required to respond to the petition.  As discussed in the Opinion and Order, the petitioner simply has no liberty interest in obtaining CCC placement on a date earlier than that which the BOP selects.  A liberty interest may arise only if the defendant's actions imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).  State and federal prisoners generally enjoy no constitutional right to placement in a particular penal institution.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983).  Thus, the Attorney General has the power to direct the place of a prisoner's confinement and the authority "to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all."  *Brown-Bey*, 720 F.2d at 470.

Without a liberty interest, a party has no due process claim.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir.1993).  Absent a liberty interest in a six-month term in a CCC, the instant petitioner had no valid due process right entitling him to release into a CCC on June 6, 2006, six months before he is

3

to be released from BOP custody.

Nothing in 18 U.S.C. §3624 requires or mandates the BOP to place any federal prisoner in a CCC for the final 10% of his sentence.[1] The language merely authorizes the BOP to allow CCC placement "for a *reasonable part* . . . of the last ten percentum of the term." (Emphasis Added). *See United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995); *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir.1992), *cert. denied*, 510 U.S. 830 (1993); *see also United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir.1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.").

While §3624 does employ mandatory language, it relates only to a general guideline to facilitate the prisoner's post-release adjustment through the establishment of some unspecified pre-release conditions. *Prows*, 981 F.2d at 469. Such interpretation is clearly consistent with the broad administrative discretion delegated to the BOP regarding the placement of prisoners. *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir.1983); *Ready v. Fleming*, 2002 WL 1610584, *3 (N. D. Tex. 2002) ("Thus, §3624(c) does not create a constitutionally protected liberty interest, and Ready's halfway-house-placement claim must fail."); *Gambino v. Gerlinski*, 96 F.Supp.2d 456, 459-60 (M.D. Pa. 2000), *aff'd*, 216 F.3d 1075 (3rd Cir. 2000) (Unpublished table opinion) (district court rejected the petitioner's request for pre-release confinement, *e.g.*, a halfway

---

[1]

Title 18 U.S.C. §3624(c) states, in part, as follows:

The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months*, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

*Id.* {Emphasis Added}

4

house or home confinement, during the last ten percent of his sentence, concluding that §3624(c) did does not create a liberty interest because it refers to no mandatory procedures).[2]  Based upon this legal authority, the Court determines that the petitioner has failed to demonstrate that he is entitled to relief under Fed.R.Civ.P. 59(e).

CONCLUSION

Accordingly, the petitioner's "Memorandum for Rehearing" [Record No. 6] and "Motion for Rehearing" [Record No. 7], construed as Motions to Alter or Amend under Fed.R.Civ.P. 59(e), are **DENIED** as **MOOT**.

This the ___30___ day of __June_____, 2005.

_Joseph M. Hood_____
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service:

---

[2] _See Distefano v. Federal Bureau of Prisons_, 2004 WL 26999, *4 (S. D. N. Y. March 4, 2004), in which the court issued a writ of mandamus under 28 U.S.C. §1651 compelling the Warden of FCI-Otisville to act promptly and in good faith to _consider_ Distefano for placement in a CCC consistent with the BOP's policy prior to December 2002.  The court qualified that ruling, however, by stating as follows:
> "This 'ruling does not _require_ the Bureau to grant petitioner's request for [CCC] designation, _but only to give that request full and fair consideration._' McCarthy [v. _Doe_ 146 F.3d 118, 122-23 (2d Cir. 1998)] . . . . Because Distefano would become eligible for CCC placement on March 13, 2004 under the prior policy, the BOP is directed to _consider_ him for placement by that date."

_Distefano_, 2004 WL 396999, at *6 {Emphasis added}.  _See also Knish v. Stine_, 347 F.Supp.2d 682, 688 (D. Minn. Nov. 24, 2004) (Knish was not entitled to CCC placement for any particular period of time; proper relief was not to direct Knish's transfer to a CCC, but was instead to direct the BOP to _consider_ Knish's transfer to a CCC, using BOP's pre-December 2002 policy considerations).

5